UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| APRIL C. PRICE, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | CASE NO. 04-CV-770-FHM |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of the Social Security | ) | |
| Administration, | ) | |
| | ) | |
| DEFENDANT. | ) | |

## ORDER

Plaintiff, April C. Price, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1]  In accordance with 28 U.S.C. § 636(c)(1) & (3) the parties have consented to proceed before a United States Magistrate Judge.

The role of the Court in reviewing the decision of the Commissioner under 42 U.S.C. §405(g) is limited to determining whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994).  Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as

---

[1]  Plaintiff's April 3, 2001application for Disability Insurance benefits was denied initially and upon reconsideration.  A hearing before an Administrative Law Judge (ALJ) was held May 27, 2003. By decision dated August 28, 2003, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied review of the findings of the ALJ on August 23, 2004.  The action of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

adequate to support a conclusion. *Doyal v. Barnhart*, 331 F.3d 758 (10th Cir. 2003). The Court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *See Kelley v. Chater*, 62 F.3d 335, 337 (10th Cir. 1995); *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991).  Even if the Court might have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Services*, 961 F.2d 1495 (10th Cir. 1992).

Plaintiff was born June 23, 1972, and was 30 years old at the time of the hearing. [R. 476].  She claims to have been unable to work since July 2000, due to left knee impairment post surgery, obesity, degenerative discs in her lumbar spine, a carnitine deficiency, fibromyalgia and depression. [Plaintiff's brief, p.1].  The ALJ determined that Plaintiff has severe impairments consisting of left knee impairment post surgery, obesity, degenerative discs in her lumbar spine, a carnitine deficiency and fibromyalgia [R. 18] but that she retains the residual functional capacity (RFC) to perform a restricted range of sedentary work activities [R. 22].  Based upon the testimony of a vocational expert (VE) the ALJ found that Plaintiff is unable to return to her past relevant work (PRW) as a waitress, alarm company monitor and detailer/cleaner.  He determined, however, that there are other jobs in the economy in significant numbers that Plaintiff could perform with her RFC.  He concluded, therefore, that Plaintiff is not disabled as defined by the Social Security Act.  The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled.  *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

2

Plaintiff asserts three errors of the ALJ on appeal: 1) by failing to obtain a consultative evaluation for Plaintiff's psychological problems; 2) by not finding Plaintiff's depression is a severe impairment; and 3) by failing to adequately evaluate Plaintiff's obesity. [Plaintiff's Brief, p. 4].  For the reasons discussed below, the Court affirms the decision of the Commissioner.

### Consultative Psychological Evaluation

Plaintiff claims the ALJ failed to adequately develop the record by not ordering a consultative examination addressing Plaintiff's depression and other psychological issues. Defendant responds that a consultative evaluation is only necessary when the medical evidence of record is inconclusive or incomplete, when there is a direct conflict in the medical evidence requiring resolution or when additional tests are needed to explain a diagnosis, and that none of those conditions exist in this case.  The Court agrees with Defendant.

The ALJ's duty to order a consultative examination is triggered when the Plaintiff has advanced evidence "sufficient to suggest a reasonable possibility that a severe impairment exists," see *Hawkins v. Chater*, 113 F.3d 1162, 1167 (10th Cir. 1997).  "The ALJ does not have to exhaust every possible line of inquiry in an attempt to pursue every potential line of questioning.  The standard is one of reasonable good judgment." *Id.* at 1168.

In this case, the earliest mention of depression is found in the medical records of Plaintiff's treating physician, Jeanie D. White, M.D., on November 4, 1999, when

3

she wrote: "Depression?" [R. 209].  Plaintiff was given a trial pack of Buspar.[2]   The

next reference to a mental condition in Dr. White's records is a May 17, 2000, note:

"Anxiety - Serzone trial."[3]  [R. 208].   No other complaints related to depression or

anxiety are found in the record until Plaintiff's admittance to Laureate Psychiatric

Clinic and Hospital (hereinafter "Laureate") on February 2, 2003, for attempted

suicide. [R. 412-418].  The Laureate medical record indicates that Plaintiff's moods and

depression had been controlled by medication prescribed by Plaintiff's primary care

physician but became unmanageable when her husband asked for a divorce a week

prior to admittance. [R. 431].  Plaintiff reported to her counselors that she had been able

to cope with depression until that occurrence. [R. 442].  On March 16, 2003, Plaintiff was

again admitted to Laureate for an overdose of medications after being told by her husband

that he "still had feelings" for another woman with whom he had an affair. [R. 317-319].

Plaintiff's care providers noted that Plaintiff had been mildly depressed most of her life and

that the recent episodes of severe depression were prompted by marital strife. [R. 321].

This medical history was discussed in detail by the ALJ. [R. 17-18].  Based upon his

review of that evidence, the ALJ concluded that Plaintiff's depression was non-severe prior

to February 2003.  The medical record supports that finding.  The ALJ employed the criteria

for evaluating the severity of a mental impairment required under the regulations. 20

C.F.R. § 404.1520a.  Nothing in the record detracts from the ALJ's conclusion that,

prior to February 2003, Plaintiff's mental impairments imposed no more than mild

---

[2]  Buspar is an anti-anxiety agent indicated for the management of anxiety disorders or the short-term relief of the symptoms of anxiety. *Physicians' Desk Reference*, 51 ed. (1997) p. 738.

[3]  Serzone is an anti-depressant indicated for the treatment of depression. *Physicians' Desk Reference*, 51 ed. (1997) p. 776.

limitations in activities of daily living and that she had no limitations in social functioning, ability to maintain concentration, persistence and pace and no episodes of decompensation due to depression.

The duty to develop the record must be viewed in the context of the evidence before the ALJ. The absence of any evidence of functional loss limits the ALJ's duty to order more tests or otherwise expand the record.  Plaintiff has not explained in her brief how a consultative examination would bolster her claim of severe mental impairment prior to February 2003.  Indeed, in this case, a psychological examination would not have provided the evidence of functional limitation that Plaintiff requires to prove a severe impairment before her hospitalization in 2003. Where an inquiry is unlikely to be fruitful in establishing a disability, the ALJ is under no obligation to make it. *Jordan v. Heckler*, 835 F.2d 1314, 1315 (10th Cir.1987).

There is no dispute that Plaintiff's mental impairment became severe in February 2003 when she attempted suicide.[4]  Plaintiff underwent a complete psychological evaluation when she was hospitalized at Laureate. [R. 288-459].  The record contains ample evidence regarding Plaintiff's mental status during her hospitalization and during subsequent out-patient treatment counseling sessions.  Because a consultative examination would not have materially impacted the disability decision there was no requirement for the ALJ to order a consultative examination. *See Hawkins v. Chater*, 113 F.3d 1162, 1167 (10th Cir.1997) (establishing standard for ALJ's duty to develop

---

[4] This is not to say the impairment remained severe beyond the time period for which she was hospitalized.

record).  Plaintiff's contention that her psychological issues warranted further investigation by way of obtaining a consultative examination and report is without merit.

## Step Two Finding

The ALJ found that Plaintiff's severe depression and anxiety commenced in February 2003 and thus did not meet the duration requirement for a finding of severe impairment at step two. 20 C.F.R. § 404.1520(a)(4)(ii); see *Pronti v. Barnhart*, 339 F.Supp.2d 480, 488 (W.D. NY 2004) (stating that a finding of not disabled is made at step two when an impairment did not last or could not be expected to last twelve months); *Iannopllo v. Barnhart*, 280 F.Supp.2d 41, 46-47 (W.D. NY 2003) (concluding the ALJ properly eliminated mental impairments at step two because the conditions did not satisfy the twelve-month durational requirement).

Plaintiff contends the record supports her claim that severe depression was one of her impairments since September 2000, when she was prescribed anti-depressants by Dr. White.  Although the record indicates Plaintiff had received medication for complaints of depression, there is no suggestion in the record that she had been diagnosed with or treated for severe depression during that time period.  *See Bernal v. Bowen*, 851 F.2d 297, 301 (10th Cir. 1988) (the mere diagnosis of an impairment or condition is not sufficient to sustain a finding of disability).  Plaintiff reported to her counselors at Laureate that her depression had been controlled with medication prior to February 2003.  Counsel for Plaintiff argues that Plaintiff's "self-reported analysis" fails to address the underlying psychological issues that culminated over the course of time and resulted in the attempted suicides. [Plaintiff's brief, p.7].  The record is clear that Plaintiff's depression was mild until her husband confessed to an affair and asked for a divorce.

6

While this event might have affected Plaintiff more traumatically than someone without a diagnosis of depression, there is no evidence, medical or otherwise, that Plaintiff suffered from severe depression of a progressive nature that was destined to erupt into a suicide attempt.  Plaintiff points to no evidence to support her contention that depression, prior to February 2003, significantly limited her ability to work for more than the requisite 12 months.  In view of Plaintiff's failure to point the Court to any examples of such evidence in the medical records and the ALJ's full consideration of Plaintiff's complaints of severe depression, the Court finds that the ALJ's step two analysis provides no basis for reversal.

### Obesity

Plaintiff did not address her obesity either in her application for benefits or at the hearing before the ALJ, but she now contends that the ALJ failed to to consider the limitations of Plaintiff's obesity as required by S.S.R. 02-01 (requiring ALJ to consider obesity at various points of the five-step analysis).  Plaintiff's physicians noted the condition in several medical reports. (R. 257, 323, 414, 463). The ALJ properly took notice of the condition, including it as a severe impairment at step two and acknowledging his duty to evaluate the impact of obesity on Plaintiff's functioning. [R. 18-19]. *See Clifford v. Apfel*, 227 F.3d 863, 873 (7th Cir.2000) (ALJ alerted to claimant's obesity based on "numerous references in the record to [her] 'excessive' weight problem").  Plaintiff argues that the ALJ failed to discuss the effect obesity has on her exertional, postural and social functions.  However, none of Plaintiff's physicians indicated that obesity was a factor in regard to those functions.  Nor did Plaintiff testify that her weight contributed to her inability to engage in activities in any way.  Again, without citation to any evidence in the record that the ALJ failed to

7

consider or that the ALJ improperly considered regarding her obesity, Plaintiff's contention of error on the part of the ALJ in this regard is without merit.

## **Conclusion**

The ALJ's decision demonstrates that he considered all of the medical reports and other evidence in the record in his determination that Plaintiff retained the capacity to perform sedentary work activites. The record as a whole contains substantial evidence to support the determination of the ALJ that Plaintiff is not disabled. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 17th day of February, 2006.


FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

8